(104 So. 754)

## LOUISVILLE & N. R. CO. v. CARTER.
(6 Div. 363.)

(Supreme Court of Alabama. May 7, 1925. Rehearing Denied June 25, 1925.)

1. **Railroads** ⚖️411(6½)—**Statute limiting liability for "stock" killed within fenced line held inapplicable to dogs.**

Code 1923, §§ 9635, 9636, providing that erection of fence, pursuant to notice by commissioners, relieves railway of liability for negligent killing of "stock," *held* not to apply to dogs.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Stock.]

2. **Appeal and error** ⚖️1029—**Where party not entitled to defense, interposed over objection, errors in rulings held harmless.**

Where defendant received, over plaintiff's objection, the benefit of a defense to which he was not entitled, if error intervened in any ruling relating thereto it was error without injury.

3. **Appeal and error** ⚖️843(1)—**Where party not entitled to defense, interposed over objection, errors in rulings thereto not considered.**

Consideration of assignments of error arising from rulings on evidence or instructions relating to a defense received over plaintiff's objection, and to which defendant was not entitled, will be pretermitted.

4. **Railroads** ⚖️446(2)—**Whether dog was killed by train was for jury.**

In action against railway company for negligent killing of dog, *held* that whether dog was killed by defendant's train was for jury.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Animals &#x21dd;44—Nonpayment of license tax no defense to action for killing dog.**

In action against railway for killing dog, nonpayment of any license tax by plaintiff was not a defense thereto.

**6. Trial &#x21dd;252(1)—Where no effort to meet plaintiff's prima facie case, refusal to give defendant's charges not error.**

In action against railway for killing dog, where no effort was made to meet plaintiff's prima facie case, defendant's charges were therefore abstract, and error not predicable on their refusal by the court.

Anderson, C. J., and Sayre, J., dissenting in part.

Appeal from Circuit Court, Bessemer Division, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by J. D. Carter against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Huey & Welch, of Bessemer, for appellant.

The track being fenced at the point where the dog was found, no recovery can be had or any acts less than wanton or wilful conduct. Code 1923, §§ 9636, 9955; Hines v. McMillan, 205 Ala. 17, 87 So. 696; Ex parte Hines, 205 Ala. 17, 87 So. 691; 33 Cyc. 1246, 1280; Helms v. Central of Georgia R. Co., 188 Ala. 393, 66 So. 470; L. & N. v. Jones, 191 Ala. 484, 67 So. 691; Ex parte Sou. Ry., 181 Ala. 486, 61 So. 881. The burden was upon the plaintiff to show that the dog was killed as a result of the wantonness of the defendant. Ex parte Selma St. Ry. Co., 177 Ala. 473, 59 So. 169; Code 1923, § 9636. If the dog was running at large without license, the burden was on plaintiff to show that defendant's agent discovered it in time to avoid injury. Acts 1915, p. 599; Acts 1919, p. 1077; Karpeles v. City I. D. Co., 198 Ala. 449, 73 So. 647. Defendant was entitled to the affirmative charge. 33 Cyc. 1280; Hines v. Schrimscher, 205 Ala. 550, 88 So. 661; Northern Ala. R. Co. v. Gantt, 17 Ala. App. 74, 81 So. 852; Ala. City G. & A. R. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162; Southworth v. Shea, 131 Ala. 421, 30 So. 774; Sou. Ry. v. Blankenship, 194 Ala. 368, 70 So. 132.

Goodwyn & Ross, of Bessemer, for appellee.

Demurrer to defendant's plea should have been sustained, and evidence with reference to the fence was inadmissible. 33 Cyc. 1180; Selma St. & S. R. Co. v. Martin, 2 Ala. App. 537, 56 So. 601. Charges that are abstract are properly refused. L. & N. R. Co. v. Watson, 208 Ala. 319, 94 So. 551. The fact that the dog was running at large, or that license had not been paid, constitutes no defense. Ala. Great Southern R. Co. v. Smith, 209 Ala. 301, 96 So. 230. The evidence presented a jury question, and the defendant was not entitled to the affirmative charge. L. & N. R. Co. v. Gentry, 103 Ala. 635, 16 So. 9; L. & N. R. Co. v. Lancaster, 121 Ala. 471, 25 So. 733.

GARDNER, J. Appellee sued appellant to recover damages for the death of his dog, alleged to have been killed by one of the appellant's trains. There was verdict and judgment for the plaintiff in the sum of $25, from which the defendant prosecutes this appeal.

[1] The cause was tried upon count 1, charging simple negligence, the general issue thereto, and special plea No. 3. By this special plea defendant sought to interpose the defense that it had erected a fence upon that portion of its right of way where the dog was killed, and that said fence was erected and maintained in conformity to notice issued by the Public Service Commission, and that no liability attached in the absence of willful conduct. Sections 9635, 9636, Code 1923. Plaintiff interposed demurrer to this plea, taking the point that said statute only applies as to stock and not dogs, and was therefore not applicable, which demurrer was overruled, and, defendant's demurrer to plaintiff's replication being sustained, issue was taken upon said plea. A number of assignments of error relate to rulings growing out of the issue thus joined on this plea. We are of the opinion, however, that the demurrer to this plea should have been sustained, and that the matters therein contained constituted no defense. The provisions of this statute, here sought to be invoked, relate to "stock" only.

In Tex. & Pac. R. Co. v. Scott (Tex. App.) 17 S. W. 1116, it was said:

"A dog is not 'stock,' within the meaning of article 4245, Rev. St., and hence railroads are not required to fence against that character of animals."

So likewise it was held in Selma St. R. Co. v. Martin, 2 Ala. App. 537, 56 So. 601, that a dog was not "stock" within the meaning of section 5476, Code of 1907. See, also, 33 Cyc. 1180; Funk & Wagnalls' New Standard Dictionary, p. 2385.

[2, 3] By the ruling of the court, the defendant received, over plaintiff's objection, the benefit of a defense to which it was not entitled, and, if error intervened (a question we do not consider) in any ruling on evidence or instructions relating to this defense, it was error without injury. A consideration, therefore, of these assignments of error will be pretermitted.

[4] Upon plaintiff showing his dog was killed by defendant's train, the burden of proof was then placed on defendant to show that the killing was not negligently done. L. & N. R. R. Co. v. Watson, 208 Ala. 319, 94 So. 551. It is insisted, however, the evidence was insufficient in establishing the fact that the dog was killed by defendant's train, and that

the affirmative charge requested by defendant should have been given. That it was rather meager is to be conceded, but when considered as a whole, we are of the opinion a reasonable inference could be drawn therefrom by the jury that the dog was so killed. The dog was found dead one morning on defendant's roadbed, about 2½ feet or 3 feet from the cross-ties, "at the edge of a little fill." The track here was fenced on each side. This was something over a mile from plaintiff's home. The dog was neither crippled nor sick, but healthy and active, and left "home" after dark the night before. One Graves, section foreman for defendant, found the dog near the track on that morning. He testified, "I am on the Old Jonesboro section, which is the section that the dog was killed on." This witness, elsewhere in his evidence, referred to the place "where this dog was killed." Graves "picked the dog up," placed it on a lever car, and carried it the "other side of McAdory," throwing it down a fill. There was a collar on the dog, which he removed. The witness was not asked in reference to any evidence of violence upon the dog's body, and stated nothing in that regard. We are persuaded, however, that his testimony in connection with all the evidence in the case presented a jury question as to whether or not the dog was killed by defendant's train, and that the affirmative charge was properly refused. L. & N. R. Co. v. Gentry, 103 Ala. 635, 16 So. 9; L. & N. R. Co. v. Lancaster, 121 Ala. 471, 25 So. 733.

[5] The nonpayment of any license tax on the dog was no defense to this action. L. & N. R. Co. v. Watson, supra.

We think both the plaintiff and his witness Moore disclosed sufficient knowledge of the dog and of the market value of dogs to give an estimate of the value of the plaintiff's dog. Section 3960, Code 1907; B. R. L. & P. Co. v. Hinton, 157 Ala. 630, 47 So. 576. Indeed, the value of the dog does not appear to have constituted a controverted issue in the case.

[6] There was no effort made by the defendant to meet the prima facie case for plaintiff, established by the proof; no evidence being offered as to how the injury, if any, was inflicted. Nor was there any evidence as to subsequent negligence or wanton conduct. So far as the killing of the dog was concerned, the case rested only upon the proof establishing the prima facie case.

Defendant's refused charges 6, 11, 16, and 17, were therefore abstract, and error cannot be predicated on their refusal. L. & N. R. Co. v. Watson, supra.

This observation is likewise applicable to charges as to subsequent negligence and wantonness.

All the Justices concur in the foregoing opinion, except ANDERSON, C. J., and SAYRE, J., entertain the view that the principle of error without injury should not be applied to assignments of error rested on rulings growing out of the defense interposed by special plea 3, and that the questions arising therefrom should be considered.

. We find no reversible error in the record, and the judgment will be accordingly here affirmed.

Affirmed.

All the Justices concur, except ANDERSON, C. J., and SAYRE, J., who dissent in part.