160 So. 529

### FRATERNAL AID UNION v. MONFEE.

6 Div. 617.

Supreme Court of Alabama.
March 28, 1935.

See, also, 227 Ala. 312, 149 So. 845.

Alvin M. Douglas, of Birmingham, and H. A. Entrekin, of Moulton, for appellant.

B. F. Smith, of Birmingham, for appellee.

FOSTER, Justice.

This is an action for the recovery of the amount of a policy of insurance issued by defendant, dated March 14, 1921. Defendant is a fraternal benefit society, governed by article 8 of the chapter of the Code on Insurance (Code 1923, § 8439 et seq.).

The pleas in bar, other than the general issue, set up a breach of warranty and misrepresentation in respect to the age of insured. They alleged that she was first insured by a contract made March 1, 1904. In the application she warranted her age to be 41 years, born in 1863. At that age the monthly rate is alleged to be $5.05; that she was in fact 8 years older, and was born in 1855, at which age the monthly rate was $8.05. The dues and premiums were paid for 17 years, and in 1921, insured made application for a change of her certificate for another of a different type. Whether the new contract is with a different association does not clearly appear, and is not here controlling. But there is no evidence that it is the same, and the name is different.

In her last application she again warranted her age to be as before. A benefit certificate was issued to her dated March 14, 1921. This was a new contract, not in the same form as the old one, and without reference to it, and contained provisions for paid-up and extended insurance and loan values not in the old contract. It is the beginning of a new policy of insurance not theretofore in existence. This contract was made subsequent to the Act of February 17, 1919, p. 118, § 1 (section 8506, Code).

The pleas 2 to 9 setting up the misrepresentation and breach of warranty as to her age showed that they were such matters of defense as are included in that act. Modern Order of Prætorians v. Wilkins, 220 Ala. 382, 125 So. 396. There was no demurrer to the pleas, but we think that since they, together with the complaint, showed that the policy sued on was subject to the act of 1919 (section 8506, Code), and that the policy was in force for over 2 years before insured died, the pleas did not set up matter good in avoidance, as we now view the situation.

But issue was taken on the pleas, and evidence on the disputed question of the correct age of the insured was given by both parties. We think now, as on former appeal

(227 Ala. 312, 149 So. 845), that the great preponderance of the evidence was to the effect that insured misrepresented her age, whether intentionally or not is not material, since it increased the risk of loss. For that reason we held on former appeal that the motion for a new trial on that ground should have been granted. It has been often stated in our opinions that parties may frame their own issues, and thereby immaterial matters made material for that trial. Since we think, as on former appeal, that the pleas were sustained by the proof, the verdict to a different result should have been set aside.

■■ We note also that the plea in abatement was tried along with the pleas in bar and as though there had been a replication showing matter which waived the premature beginning of the suit. The plea in abatement was waived by pleading in bar. Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817. But the parties may try those issues together by consent. Milbra v. Sloss-Sheffield Steel & Iron Co., 182 Ala. 622, 62 So. 176, 46 L. R. A. (N. S.) 274, and as though there had been filed a replication, though such replication is not shown in the record. When so considered, no error is thereby shown.

But for the failure to set aside the verdict as against the great weight of the evidence offered to sustain the pleas, the judgment must be reversed, though apparently the pleas are subject to demurrer.

Reversed and remanded.

All the Justices concur.