168 So. 891

**FRATERNAL AID UNION, Inc., v. MONFEE.**

6 Div. 892.

Supreme Court of Alabama.

May 21, 1936.

Rehearing Denied June 25, 1936.

A. M. Douglas, of Birmingham, and H. A. Entrekin, of Decatur, for appellant.

B. F. Smith, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by plaintiff on a policy of insurance issued by the defendant, an incorporated fraternal benefit society, on the 14th day of March, 1921, with the plaintiff as the designated beneficiary.

Mrs. Katie S. Monfee, the insured, died in Jefferson county, Ala., on April 3, 1931, and the evidence shows without conflict that the monthly premiums specified in the policy were paid as and when due. In this particular there was no default on the part of the insured. Indeed on the trial the defendant admitted that the certificate was in force and effect at the time of the death of the insured.

This case has been before this court on two other occasions. Fraternal Aid Union v. Monfee, 227 Ala. 312, 149 So. 845; Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529. Each of the former appeals was taken from a verdict for the plaintiff, and the defendant has again appealed.

On the last trial the plaintiff amended his complaint, and to the complaint as amended the defendant refiled pleas 1 to 9, which were in the case at the time the cause was last considered by this court, and also filed additional pleas A-1, A-2, and A-3. To all of these pleas the plaintiff separately demurred, and the court sustained the demurrer to pleas 4, 5, 6, 7, 8, 9, and A-3, but overruled the demurrer to pleas 2, 3, A-1, and A-2. Thereupon the plaintiff filed a special replication to said pleas 2, 3, A-1, and A-2. The court sustained defendant's demurrer to said replication.

The case proceeded to trial on the plea of the general issue, and on special pleas 2, 3, A-1, and A-2, resulting in verdict and judgment for plaintiff.

Pleas 2 and 3 read in connection with the complaint as amended, and also in connection with the applications for the insurance policies theretofore issued by the Supreme Lodge, Knights and Ladies of Honor, and by the defendant, show that the policy sued on is quite different in its

terms and provisions from the original policies—in fact a new policy—and having been issued in March, 1921, and in force more than two years, was subject, prima facie at least, to the act of 1919, now section 8506 of the Code of 1923. These pleas set up no matter good in avoidance of said policy. Code, § 8506; Fraternal Aid Union v. Monfee, supra.

The court committed error in overruling plaintiff's demurrers to said pleas 2 and 3. Likewise, the court committed error in sustaining defendant's demurrer to plaintiff's special replications to pleas 2 and 3.

By this ruling of the court the defendant received, over plaintiff's timely objection, the benefit of a defense to which it was not entitled, and, if error intervened in any instruction relating to this defense, it was error without injury. Louisville & Nashville R. R. Co. v. Carter, 213 Ala. 393, 104 So. 754.

The evidence in this case, without conflict, shows that the insured joined the Knights and Ladies of Honor, a fraternal benefit society, which issued benefit certificates to its members, in 1904; that on or about March 1, 1904, a benefit certificate in the Knights and Ladies of Honor was issued to the said Katie S. Monfee; that the defendant, also a fraternal benefit society, took over the members of the Knights and Ladies of Honor in 1916. That the insured continued to pay to the defendant all dues required of her to keep the original certificate in force, and paid all dues required of her on the new policy down to the time of her death.

It is further without dispute that when the new policy was issued insured had to, surrender, or to renounce all claims under the policy she then had, and upon which she had made payments each month.

If it be conceded that pleas A-1, A-2, and A-3 presented a defense to the action, it must also be conceded that plaintiff's replication was a complete answer to each of said pleas, and the court committed error in sustaining the defendant's demurrer thereto.

The truth of plaintiff's replication was proven without conflict in the evidence. The court will not, therefore, be reversed for any error in any of its instructions relating to said pleas. At most, it would be error without injury. Louisville & Nashville R. R. Co. v. Carter, supra; Supreme Court Rule 45.

Under all the evidence in this case the plaintiff was entitled to recover. Therefore, we are not required to consider the many special charges requested by the defendant.

The appellant's counsel is in error in his argument that the age of the policy was not an issue in the case. The complaint made the date of the policy an issue, and prima facie within the influence of section 8506 of the Code. And the burden, both of averment and proof, was upon the defendant to show that the policy did not come within the provisions of that section, if the policy was in fact issued as of the date alleged in the complaint.

The record on this appeal presents the case in a different aspect from that on the two former appeals. On the other appeals, it appeared that the plaintiff voluntarily took issue on the immaterial pleas, thereby making them material. Parties can, of course, try their cases on immaterial issues, if they so elect,

It follows from what we have said that it is our judgment that any errors committed by the trial court, so far as the defendant's rights were and are concerned, were without injury to defendant.

The judgment of the trial court must, therefore, be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.