169 So. 9

## SOVEREIGN CAMP, W. O. W., v. FELTMAN.

### 6 Div. 918.

Supreme Court of Alabama.

June 18, 1936.

Ernest Fite, of Hamilton, and Arthur F. Fite, of Jasper, for appellant.

Wm. L. Chenault, of Russellville, for appellee.

BROWN, Justice.

This is an action of assumpsit on a policy of insurance issued by the defendant to plaintiff's husband, Hayne Feltman, as the insured, naming the plaintiff as the beneficiary, on June 3, 1910. Feltman died on December 1, 1929, and it is conceded by appellant that count 1 of the complaint as last amended is sufficient, and no point is made as to the sufficiency of the other counts.

In addition to the general issue, the defendant, by several pleas in substance and legal effect the same, set up as a defense that the policy sued on was, for a valuable consideration, surrendered by Hayne Feltman, the insured, in June, 1929, and that he received in lieu of it a new policy, which was known as "Ordinary Whole Life Certificate"; that this was in settlement of all rights under the old policy or certificate.

The plaintiff, after taking issue on said pleas, filed special replications thereto, alleging that plaintiff and her husband "were living together as husband and wife in Marion County, Alabama, at the time said policy was issued and continued to so live together as such man and wife until the date of his death, which occurred about December 1st, 1929; and plaintiff avers that all of the premiums due and payable on said policy at and before the death of said Hayne W. Feltman had been fully paid to the defendant; and that said policy was in the possession of this plaintiff and her said husband Hayne W. Feltman, and plaintiff avers that the defendant's agent or servant, while acting within the line and scope of his agency or service came to the home of this plaintiff and said insured about or during the month of June, 1929, and then and there represented to the said Hayne W. Feltman and this plaintiff that the said policy which was issued as aforesaid was no good and that the interest had already consumed the policy and that it was worthless, or words to that effect, and by said representation induced the said Hayne W. Feltman to deliver said policy to said agent and plaintiff avers that said statements and representations of said agent were false and fraudulent and that the said Hayne W. Feltman relied on said statements and representations, and relying thereon was induced to deliver said policy to the said agent, and plaintiff avers that this plaintiff, as the beneficiary in said policy, was damaged to the amount sued for in her complaint."

The defendant, after its demurrers to said replications were overruled, took issue thereon and filed special rejoinders, among which are B, which (after restating the facts set up in said special pleas) alleged: "And after knowledge of the fraud alleged in said replications to have been practiced upon said Hayne W. Feltman in said exchange of policies retained the said new policy or certificate, known as Ordinary Whole Life Certificate so issued to him in exchange of the policy sued upon, and this plaintiff brought suit thereon in this cause by complaint filed herein on the 29th day of May, 1930; and the plaintiff thereby elected to claim under said certificate, and is now estopped from setting up said fraud." And C, which (after restating the facts set up in the special pleas) alleged: "And defendant alleges that after the death of the said Hayne W. Feltman, the plaintiff retained the policy or certificate so issued to him in exchange, and brought suit upon the same in this cause by complaint filed herein on the 29th day of May, 1930. And at the time of bringing said suit thereon the plaintiff had notice of the alleged fraud by which it is alleged that the said Hayne W. Feltman was induced to accept said certificate in exchange for the certificate which had been originally issued to him by the defendant in the year 1910; and this plaintiff is estopped from setting up or pleading said fraud."

The plaintiff demurred to said rejoinders, assigning, among other grounds: "6. No facts are set up which would show an election of the plaintiff to stand on the new policy." The demurrer was overruled, and the plaintiff taking issue on said rejoinders also filed surrejoinders, among others: "3. At the time the suit was filed in this case for the plaintiff, the first count of the complaint claimed under the old policy—the one now in litigation. Count No. 2 of the complaint was filed on the new certificate and same was dismissed at the first term at which this cause was set. The cause was then tried on Count No. 1, *and other counts added by amendment,* and the plaintiff did not become estopped from proceeding in this cause." (Italics supplied.) The defendant demurred to this surrejoinder and the court sustained the demurrer, and issue was thereafter joined.

The averments of plaintiff's replication 2 show that by fraud and deceit practiced by the defendant on the plaintiff—the beneficiary—and her husband, the insurer obtained from them possession of the policy issued in 1910, upon which premiums had been paid up through all the years, including the year 1929, and palmed off on them another policy which called for large premiums. In such circumstances the parties defrauded, or either of them, upon discovery of the fraud, had the right to elect to confirm the transaction and rely on the new policy, or repudiate it and claim on the policy surrendered, or treat the rights under the old policy as lost and destroyed, and sue as for fraud and deceit. Sovereign Camp, W. O. W., v. Feltman, 226 Ala. 390, 147 So. 396; 9 R.C.L. p. 956, § 1.

"Some courts go so far as to say that in such cases the choice of a remedy once made cannot be withdrawn or reconsidered though no advantage has been gained nor injury done by the choice and no injury would be done by setting the choice aside. *But the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel in pais has arisen, that is where no advantage has been gained or no detriment has been occasioned, is not an election."* (Italics supplied.) 9 R.C.L. pp. 960, 961, § 7. That part of the text italicized, stating what is termed *"the more reasonable rule,"* is founded in part on, and supported by Register v. Carmichael, 169 Ala. 588, 53 So. 799, 34 L.R.A.(N.S.) 309.

The defendant's rejoinders were, therefore, insufficient, and were subject to the quoted ground of demurrer directed against them.

It may be that the italicized averment in plaintiff's surrejoinder 3—*"and other counts added by amendment"*—rendered said surrejoinder subject to demurrer. But aside from that averment, the facts stated clearly negative an election of remedies by the plaintiff. Count 1 of the complaint declared on the original policy, and the only judgment that has been rendered was based on that count.

Thus it appears that the defendant, by the erroneous ruling on the plaintiff's demurrer to said rejoinders (therefore over plaintiff's protest), has received the benefit of a trial on a false issue—one not material to the rights of the parties—and if error intervened in respect to said issue, it was without injury and will not work a reversal of the judgment which plaintiff obtained notwithstanding such false issue. Louisville & N. R. Co. v. Carter, 213 Ala. 393, 104 So. 754; Fraternal Aid Union v. Monfee, post, p. 606, 168 So. 891.

If, as alleged in the plaintiff's replications 2 and 9, the defendant obtained the surrender of the policy issued in 1910, by fraud and deceit, this did not constitute a surrender of the rights of the insured or the beneficiary thereunder, for the law will not permit one guilty of fraud to profit by his own wrong. Hall v. Santangelo et al., 178 Ala. 447, 60 So. 168; Metropolitan Life Ins. Co. v. James, 231 Ala. 295, 164 So. 377; 12 R.C.L. p. 396, § 145.

Application of the foregoing principles to the questions argued clearly shows that the record is free of reversible errors.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.