### WATSON et al. v. SPINKS.

### 2 Div. 163.

Supreme Court of Alabama.

Dec. 5, 1940.

S. W. Compton, of Linden, for appellants.

Adams & Gilmore, of Grove Hill, W. P. Stutts, of Thomasville, and Farmer & Farmer, of Dothan, for appellee.

LIVINGSTON, Justice.

This ex contractu action was tried by a jury in the Circuit Court of Marengo County, Alabama, and resulted in a verdict and judgment for the plaintiff for one cent and costs. Judgment was entered on April 26, 1939, and on May 23, 1939, defendants (appellants here) filed two motions in the cause, one, "to set aside the judgment rendered in said cause on the 26th day of April, 1939, and to dismiss the said suit." The only ground assigned in support of this motion was as follows: "For that the verdict of the jury, trying said cause, and the judgment rendered therein, was for an amount less than the jurisdiction of this court." ·

The basis of this motion, section 9494, Code of 1923, is amendatory of section 5355, Code of 1907. Under section 5355, Code of 1907, it was proper to·move to dismiss where the suit was brought for an amount over which the court had jurisdiction, and a less sum was recovered, unless the amount was reduced by a set-off successfully made by defendant, or unless plaintiff, or someone for him, made and filed in the cause an affidavit that an amount of which the court had jurisdiction, stating the same, was actually due, and that a recovery for the true amount was prevented by failure of proof, the interposition of the statute of limitations or some other sufficient cause to be judged by the court. Section 9494, supra, provides for a dismissal of the cause where the amount sued for is less than the jurisdiction of the court, and for taxation of the entire cost against the plaintiff where suit is brought for an amount of which the court has jurisdiction, and a less sum be recovered, unless the amount is reduced by a set-off successfully made by the defendant, or by payment made by the defendant after commencement of the suit. Section 9494, supra, does not provide for a dismissal under the circumstances here presented, and the trial court was not in error in overruling defendants' motion to dismiss.

The other motion referred to above was based on section 7247, Code of 1923, to retax costs. Where costs are improperly taxed against one not liable to pay them, the proper practice is to raise the question by motion to retax the costs, and if the motion is overruled to reserve a bill of exceptions and appeal. City of Tuscaloosa v. Hill, 14 Ala.App. 541, 69 So. 486; Stallworth v. State, 129 Ala. 118, 30 So. 31.

The motion here considered was granted in part and denied in part, and to which ruling defendants reserved an exception. Although the record proper shows an exception reserved to this ruling of the lower court, the bill of exceptions itself contains no reference whatever to the motion, or the ruling based upon it. It follows, therefore, that no reviewable question is presented here with reference to the motion to retax the costs. City of Tuscaloosa, v. Hill, supra.

Appellee filed in this Court a motion to strike the bill of exceptions. Inasmuch as we deem it unnecessary to an affirmance of the case, we have not passed upon appellee's motion to strike the bill of exceptions.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.