25 So.2d 415

## AUSTIN v. CLARK.

### 4 Div. 381.

Supreme Court of Alabama.

March 28, 1946.

Roy L. Smith and W. R. Belcher, both of Phenix City, for appellant.

J. W. Brassell and A. L. Patterson, both of Phenix City, for appellee.

LIVINGSTON, Justice.

W. L. Austin instituted suit by summons and complaint in the Circuit Court of Russell County, Alabama, against H. R. Mathews, sheriff of Russell County, to recover the sum of $2,200 as for money had and received.

Under and by virtue of the provisions of section 1179, Title 7, Code of 1940, Mathews made affidavit that one W. H. Clark, not a party to the suit, without collusion with him, claimed the money in controversy, and deposited the money in court, and prayed an order that Clark be required, on notice, to come in and defend.

Clark appeared and interposed a claim to the money. In substance, he claimed that the money belonged to him; that Austin and one A. V. Dunn came to his place of business in Russell County, Alabama, and "robbed him of said sum of money"; that said sum of money was taken from W. L. Austin by officers of the law and held by them as evidence in a pending criminal charge against W. L. Austin and A. V. Dunn, wherein Austin and Dunn were charged with robbery, and that later said money was turned over to H. R. Mathews.

Austin interposed demurrers to the claim of Clark, which were overruled. Austin then filed a plea of the general issue and a special plea numbered 2. In substance plea 2 alleged that Austin has theretofore been tried by a jury in Russell County, Alabama, on the charge of robbery, mentioned in Clark's claim, and by the jury acquitted, and that by reason thereof he should have judgment awarding the money in controversy to him.

Plea 2 was not tested by demurrer, but instead issue was joined thereon. The cause was tried by a jury. Plea 2 was clearly sustained by the testimony. In fact no evidence to support a contrary inference was offered. The trial court, upon written request therefor, gave the general charge for claimant Clark. The jury returned a verdict for Clark, and judgment was rendered thereon. Austin's motion for a new trial was overruled by the trial court, and he appealed.

■ Austin's special plea 2 is but an attempt to set up, as an answer to Clark's claim, the fact of his acquittal on a trial for the criminal charge of robbing Clark of the money involved in this suit. The fact of acquittal of the criminal charge was not material in this cause, and the plea was insufficient. Sovereign Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410. But, as stated above, Clark joined issue on plea 2 without testing same by demurrer.

■ It has been often stated in the opinions of this Court that parties may frame their own issues, and thereby immaterial matters made material for that trial. Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529. And if the cause is tried upon an insufficient or immaterial plea, without objection being first taken by demurrer, the judgment of the court must be pronounced in accordance with the result of the issues. The trial court cannot instruct the jury to find against the evidence supporting such a plea. Watson v. Brazeal, 7 Ala. 451; Masterson v. Gibson,

562

56 Ala. 56; Mudge v. Treat, 57 Ala. 1; Glass v. Meyer, Son & Co., 124 Ala. 332, 26 So. 890; Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 So. 4; Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311; Pridgen v. Shadgett, 244 Ala. 167, 169, 12 So.2d 395.

 The trial court was in error in giving at claimant Clark's request the general charge.

The cause is reversed and remanded.

Reversed and remanded.

All the Justices concur.

BROWN, Justice (concurring specially).

The appellant as plaintiff brought a common law action of assumpsit against H. R. Mathews, Jr., for money had and received, to recover the sum of $2,200 alleged to be loot gained in the accomplishment of robbery, the money being recovered from a cache in the edge of the woods, where it was hidden by plaintiff, the alleged robber. Mathews on being served made an affidavit in compliance with Section 1179, Title 7, Code 1940, that Clark who was not a party to the suit, without collusion with him, claimed the money in controversy and deposited the money in court, praying an order that Clark be required on notice to come in and defend. The notice was issued and Clark in response thereto appeared and filed what is termed in the record "an answer", partaking of the nature of a complaint, claiming the money. Thereupon the plaintiff Austin filed, to said last mentioned pleading, a plea of the general issue and a special plea, setting up that he had been tried and acquitted of the robbery, thus misplacing the order and burden of proof. No objection was made to this course of procedure, other than an oral demurrer stated by the attorney for Clark, which the court properly ignored as such pleadings are required to be in writing. Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908, 116 A.L.R. 639.

On the issues thus formed the case proceeded to trial and at the conclusion of the testimony the court, at the request of Clark, gave in his behalf the affirmative charge in writing. Later the jury was recalled or returned into court and the court ex mero motu instructed the jury without hypothesis to return a verdict for Clark. The jury returned a verdict in favor of Clark and the plaintiff has appealed.

I concur in the reversal of the judgment but not in the opinion of the majority. The course which the statute contemplates is that when Clark appeared he should have been substituted for the defendant Mathews, who should have been discharged, and the issues could well have been presented simply by the general issue pleaded by the substituted defendant. It is anomalous for the plaintiff to reverse the order of pleading, misplacing the burden of proof, by appearing as a defendant. Code 1940, Tit. 7, § 1179; Cloud v. Dean, 212 Ala. 305, 102 So. 437.

But for the fact that Clark invited the course of procedure adopted by the plaintiff and the court ex mero motu directing a verdict for Clark, the doctrine of error without injury might well be applied. Louisville & Nashville R. Co. v. Carter, 213 Ala. 393, 104 So. 754; Sovereign Camp, W. O. W., v. Feltman, 232 Ala. 570, 169 So. 9; Fraternal Aid Union, Inc., v. Monfee, 232 Ala. 606, 168 So. 891. The matter set up in the alleged plea of res adjudicata was clearly immaterial and this plea as well as the plaintiff's plea of the general issue might well have been stricken on motion. Bienville Water Supply Co. v. Mobile, 125 Ala. 178, 27 So. 781; Page v. Skinner, 220 Ala. 302, 125 So. 36.

I, therefore, limit my concurrence to the reversal of the judgment.