248 So.2d 570

PICK–BAY COMPANY

v.

William Eugene YOUNKIN.

I Div. 643.

Supreme Court of Alabama.

May 20, 1971.

William H. Hardie, Jr., Mobile, for appellant.

Conrad H. Fulton, Tuscaloosa, for appellee.

MADDOX, Justice.

William Eugene Younkin, plaintiff below, brought suit against the operator of the Albert Pick Motel in Mobile, alleging he received personal injuries as a result of inhaling "poisonous, noxious or harmful" paint fumes while occupying a room overnight at the motel.

The evidence tends to show that Younkin checked into the motel between 6 p. m. and 7 p. m. on September 18, 1968, and that he was assigned Room 208. Before entering the room, Younkin joined his fiancee (now his wife) and her parents in the dining room of the motel. Younkin testified that he entered Room 208 briefly to put his tote bag in the room, but that he did not examine the room and that he went immediately to the room occupied by the parents of his fiancee where he played cards until about midnight when he returned to Room 208 and went to bed without turning on any light, and without going to the bathroom. Younkin testified that he had nothing to drink during the night except a soft drink and that he ate some roasted peanuts while playing cards. He also stated that he was not advised that Room 208 had been freshly painted.

Younkin woke up the next morning with nausea and dizziness and he smelled paint fumes. After getting dressed and opening the door for some fresh air, he saw a man dressed in painting clothes. He asked if there was something that he could do to get rid of the paint fumes and the man came back and sprayed something in the room which did not get rid of the fumes. Younkin said he then inspected the room and determined that it had been freshly painted. He moved to the room occupied by the parents of his fiancee and remained there until later in the day when he was assigned a different room in the motel.

Younkin was taken to the emergency room of a Mobile hospital, examined and given medication. The record of his visit to the hospital bears the diagnosis "Inner Ear Disease." He remained in a room in the motel until September 21, when he was taken home to Tuscaloosa and was confined to bed. Subsequent examinations by doctors and tests made during a hospital stay culminated in a final diagnosis of "Laberynthine disturbance toxic."

Younkin was a student at Livingston State University at the time. He claimed that as a result of the illness caused by his inhalation of the paint fumes that his schooling was disrupted, that he had passed a physical in ROTC which showed him qualified to enter flight training with the Army, but that he failed a similar physical *after* the injury occurred and was disqualified to take flight training, and was consequently damaged in that he would not be entitled to receive "flight pay." There was also evidence that the inner ear impairment was permanent, and would be disabling for occupations requiring good ear function.

The case went to the jury on three counts of negligence. Pick-Bay defended on the ground that it was not negligent, and that Younkin was contributorily negligent or had assumed the risk. The jury returned a verdict in favor of the plaintiff for $15,000 and judgment was entered in accordance with the jury verdict. Defendant's motion for new trial was denied. Defendant's motion to strike certain costs of a deposition was denied. This appeal followed.

Pick-Bay argues eight assignments of error here, among which is one claiming the trial court erred in refusing to give the jury the affirmative charge with hypothesis.

We do not set out all the evidence but only enough to show that the court did not commit error in this regard. The evidence established that the room assigned to the plaintiff had been freshly painted; that the plaintiff was not warned about this; and that there were a number of vacant rooms to which plaintiff could have been assigned. The evidence tended to show plaintiff immediately retired upon entering the room, after returning from the room where he had been playing cards, without inspecting it, and in fact, without even turning on the light. When plaintiff awoke the next morning, he smelled the fumes and was nauseated and dizzy. There were several witnesses who noticed the strong odor the next morning. Unquestionably, the plaintiff was ill. Doctors who examined him diagnosed his condition

as inner ear disease. Plaintiff's doctor testified that the inhalation of paint fumes could have caused the inner ear impairment.

■ The trial court's refusal of the affirmative charge with hypothesis requested by Pick-Bay was not error. In Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So. 2d 447 (1968), this Court held:

"* * * The rule in this state is that in civil cases the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish a mere gleam, glimmer, spark, the least particle, the smallest trace, a scintilla, in support of the theory of the complaint. Alabama Great Southern Ry. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190.

"And we have said that when the affirmative charge is refused and the party who requested the charge appeals, we review the tendencies of the evidence most favorable to the opposite party regardless of any view we may have as to the weight of the evidence; and must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918. See Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228; Louis Pizitz Dry Goods Co. v. Harris, 270 Ala. 390, 118 So.2d 727."

■ Appellant's Assignment of Error No. 11 claims the trial court erred in sustaining the plaintiff's objection to a question asked of defendant's witness, a chemist, as follows:

"Could you describe how strong the smell would be if the mineral spirits concentration were excessive of 500 parts per million?"

Assignment of Error No. 12 states that the trial court erred in sustaining plaintiff's objection to another question to the same witness:

"In your opinion, Mr. Martin, from the application of a paint of that type in a room, could the mineral spirits level reach a concentration excessive of 500 parts per million?"

Objection was made to each question on the ground that a proper predicate had not been laid. The trial court sustained each objection. We find no error in this respect.

In Sovereign Camp, W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480 (1942), this Court said:

"* * * An hypothetical question is not objectionable because it omits to hypothesize every fact shown by the evidence, for an examiner of an expert witness may lay as a basis for the opinion invited only those facts in evidence which conform to the theory the examiner would establish, *though of course, such question should incorporate sufficient facts in evidence to fairly justify the formation of an expert opinion on a material issue in the case; the frame and substance of hypothetical questions to expert witnesses being a matter largely committed to the discretion of the trial court.* Birmingham Ry. & E. Co. v. Butler, 135 Ala. 388, 395, 33 So. 33; Morrissett v. Wood, 123 Ala. 384, 26 So. 307, 82 Am.St.Rep. 127; Parrish v. State, 139 Ala. 16, 43, 36 So. 102 [1012]; Long Dist. Tel. & Tel. Co. v. Schmidt, 157 Ala. 391, 47 So. 731; Birmingham Ry. L. & P. Co. v. Saxon, 179 Ala. 136, 59 So. 584; Alabama City, G. & A. Rwy. Co. v. Bessiere, 197 Ala. 5, 72 So. 325; Jones on Evidence, §§ 370, 371; 17 Cyc. pp. 244, 250." (Emphasis added)

See also Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246 (1968).

Appellant's Assignment of Error No. 14 claims the trial court erred in charging the

jury, in his oral charge, to which an exception was duly taken, as follows:

> "Actual knowledge of danger is required for the doctrine of assumption of risk."

Pick-Bay's plea No. 4 to the plaintiff's complaint denied the existence of harmful fumes in the room, but alleged that if the fumes were strong enough to cause injury that the plaintiff assumed the risk of any injury by continuing to occupy the room when he knew, or *in the exercise of reasonable care should have known,* of the existence of such fumes.

Appellant contends that the plea was sufficient, but even if insufficient, says that it was not tested by a demurrer and it must be treated as a proper defense, and that the court committed error in charging the jury that there must be actual knowledge of the danger for assumption of risk to apply. To support its argument appellant uses a rather novel, though unconvincing, approach. It says that this court has often stated that parties may frame their own issues, and thereby make immaterial matter material for that particular trial, citing Austin v. Clark, 247 Ala. 560, 25 So.2d 415 (1946).

In Austin v. Clark, supra, this Court made that statement, but pointed out that the plea there involved was clearly supported by the evidence, in fact, according to the opinion in Austin v. Clark, no evidence to support a contrary inference was offered. Therefore, our decisions seem to hold that there must be proof of the allegations of an immaterial plea before the rule will come into play. Here, not only did appellant deny the existence of the fumes, but failed to prove that the plaintiff knew or should have known of the existence of such fumes. The only evidence of plaintiff's knowledge, or lack of knowledge, about the fumes came from his own testimony and he stated he was not aware of the existence of the fumes until the next morning. In the cases of Riddle v. Do-rough, 279 Ala. 527, 187 So.2d 568 (1966), Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851 (1939), and Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529 (1935), cited by appellant, it seems that in each instance the immaterial plea involved was supported by proof.

Furthermore, we are not convinced that the statement by the trial court in its oral charge that actual knowledge of the danger is required for the doctrine of assumption of risk to apply is an inaccurate statement of the law. In McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508 (1919), cited by appellant for the proposition that *constructive knowledge of a danger* is sufficient for the doctrine of assumption of risk to apply, the following is said:

> " * * * The phrase 'assumption of risk' is, however, sometimes loosely applied to cases where there was no contractual relation between the plaintiff and the defendant, but that use of the phrase *'must be confined to cases where the plaintiff knew and appreciated the danger and voluntarily put himself in the way of it.'* Warren v. Boston, etc. R. Co., 163 Mass. [484] 488, 40 N.E. [895] 897; Gentzkow v. Portland R. Co., 54 Or. 114, 102 Pac. 614, 135 Am.St.Rep. 821. So 'as the practical equivalent of the term "contributory negligence" one frequently finds in the cases the expression "assumption of risk." It is said that *one who knows and appreciates a danger "assumes the risk" thereof.'* 20 R.C.L. 109, § 95." (Emphasis added)

In Kemp v. Jackson, 274 Ala. 29, 145 So.2d 187 (1962), this Court held that in order for the defense of assumption of risk to apply in a wrongful death action growing out of an automobile collision, "there must have been an appreciation or consciousness of the danger."

Appellant takes the position, however, that even if the court's oral charge stated a correct proposition of law, the court should have charged the jury that

constructive knowledge was sufficient in this particular case since plea 4 set up the defense that plaintiff should have known about the danger and assumed the risk and this plea was not tested by demurrer. Assuming arguendo that the oral charge to the effect that actual knowledge was required constituted an erroneous statement of the law, under the pleadings and facts of this case, the error complained of would have to have probably injuriously affected the substantial rights of the appellant to cause a reversal. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838 (1952). Supreme Court Rule 45. There was no proof that the plaintiff knew, or for that matter, should have known, that the paint fumes were in the room before he retired for the night. In fact, appellant, in the first portion of plea 4, denied any fumes were present in the room and all of the proof offered by the appellant was directed toward a denial that harmful fumes were present in the room while plaintiff occupied the room. Therefore, even assuming the court committed error, we do not think it probably injuriously affected the substantial rights of the appellant. Supreme Court Rule 45.

■ Appellant claims that the verdict of $15,000 was excessive. We think the evidence indicates an adequate basis for the award of damages and we do not think the verdict indicates passion, prejudice or corruption. The trial court adequately charged the jury that they could not base their verdict upon speculation or conjecture. The trial court refused to disturb the amount and refused to grant a new trial based on the ground that the verdict was excessive. See Southern Railway Co. v. Stallings, 268 Ala. 463, 107 So.2d 873 (1959).

Appellant claims that the trial court erred in refusing to grant its motion to strike from the cost bill an item of $131.10, which apparently represents the charge made by a court reporter for the original and a copy of the transcripts of depositions of three witnesses taken pursuant to the provisions of Act No. 375, Acts of 1955, Tit. 7, § 474(1)–(18), Code of Alabama, 1940, Recomp. 1958.[1] Appellant moved to strike the item from the cost bill and the motion was denied.

Appellee does not claim that the court reporter's fee is allowable as an item of cost, but says that the motion to strike was not the proper method to raise the issue and that to allow the assignment of error complaining of the lower court's denial of appellant's motion to strike would not be germane to this appeal. Appellee therefore has filed here a motion to strike appellant's assignment of error which raises this point.

■ Unquestionably, when costs are improperly taxed against one not liable to pay them, the proper method to raise the point is by a motion to retax. Watson v. Spinks, 240 Ala. 291, 199 So. 1 (1940). Title 11, § 77, Code of Alabama, 1940.

■ While the motion was improperly labeled, the relief sought is sufficient to raise the question of the propriety of the inclusion in the cost bill of the cost of pretrial discovery depositions used in the preparation of the trial. The taxation of this item was improper and should have been stricken from the cost bill, but the taxation of this item of costs in no way affects the merits of the order or judgment of the court which the clerk used in making the taxation. Burrow v. Berry, 213 Ala. 317, 104 So. 786 (1925).

The judgment and order of the trial court is affirmed in all respects except that order denying Pick-Bay's motion to strike the sum of $131.10 from the cost bill.

The trial court is directed to order the clerk to retax the costs so as to eliminate the item of $131.10 for Charles Howard from said cost bill. The motion of appellee to strike Assignment of Error No. 16

---

1. All three witnesses testified in person at the trial of the cause.

regarding the taxation of the depositions as costs is denied.

Affirmed in part, reversed and remanded in part with directions.

HEFLIN, C. J., and MERRILL and HARWOOD, JJ., concur.

LAWSON, J., concurs in the result.