James T. Strickland, Circuit Judge of the Thirteenth Judicial Circuit of Alabama, petitions for the writ of mandamus and the *Page 34 
writ of prohibition directed to Honorable Charles Wright, as Presiding Judge of the Alabama Court of the Judiciary. Petitioner seeks a writ of mandamus ordering Judge Wright to strike a motion of the Alabama Judicial Inquiry Commission seeking to tax against petitioner the costs incident to all or part of oral depositions taken in an action against the petitioner for violation of the Canons of Judicial Ethics. Petitioner also seeks a writ of prohibition to prevent Judge Wright from granting the Commission's motion to tax those costs.
The Court of the Judiciary found petitioner guilty of violating several of the Alabama Canons of Judicial Ethics and ordered that he be suspended from the office of circuit judge without pay for six months. Petitioner appealed to this court from that order and we affirmed. Respondent thereafter granted the Judicial Inquiry Commission's motion and taxed petitioner with $3,093.69 in costs incident to the taking of depositions in the action against him. Of those costs the sum of $1,509.07 was incurred in taking depositions that were not used at trial. The balance of the costs represented costs incurred in taking those which were used at trial; those of petitioner and one Joyce Sasso.
Petitioner raises two separate issues by his petition: (1) whether the Court of the Judiciary has authority to tax costs of depositions taken by the Judicial Inquiry Commission in preparing for trial regardless of whether they are used at trial; and, (2) whether the Court of the Judiciary abused its discretion when taxing costs against petitioner.
Petitioner asserts that the Court of the Judiciary is not given authority under Ala. Const. 1901, Amend. No. 328 (the so-called Judicial Article), § 6.18, to tax costs against a defendant judge. That section does, however, authorize the Court of the Judiciary to ". . . apply such other sanction as may be prescribed by law. . . ." Furthermore, it authorizes this court to adopt procedural rules governing the Court of the Judiciary. Rule 10, of the Rules of Procedure of the Court of the Judiciary, adopted by this court, provides:
 The process and procedure before the Court shall be as simple and direct as reasonably may be. Except where inappropriate, or otherwise provided for by these rules, the provisions of the Alabama Rules of Civil Procedure and the rules of evidence used in civil cases in Alabama shall govern proceedings before the Court, but the allegations of the complaint must be proved by clear and convincing evidence.
The Rules of Procedure, Alabama Court of the Judiciary, make no specific provision regarding the taxing of costs; however, rule 54 (d), ARCP, provides:
 (d) Costs. Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, and this provision is applicable in all cases in which the state is a party plaintiff in civil actions as in cases of individual suitors. . . .
Additionally, Code 1975, § 12-21-144, provides:
 The costs of any deposition introduced, in whole or in part, into evidence at the trial by the party taking it shall be taxed as costs in the case upon the certificate of the person before whom the deposition was taken; the costs of depositions in other cases shall be taxed as costs in the case only if the court so directs.
We are persuaded by reason and logic as well as the authorities, including those referenced above, that the Court of the Judiciary is empowered by law to tax the costs of any deposition introduced, in whole or in part, into evidence at trial by the party taking it, upon the certificate of the person before whom the deposition was taken; the costs of depositions in other cases shall be taxed as costs in the case only if the court so directs. Taxation of costs of depositions not actually used at trial is within the discretion of the trial court, Pick-Bay Company v. Younkin, 287 Ala. 103,248 So.2d 570 (1971), to the contrary notwithstanding. Pick-Bay, in one respect, was bottomed upon Code 1940 as amended, *Page 35 
Tit. 11, § 77, and held that when costs are improperly taxed against one not liable to pay them, the proper method to raise the point is by a motion to retax (under the provisions of § 77). Section 65 of the former code was the section under which costs were given to the successful party, or apportioned at the discretion of the court. The latter section was superseded by Rules 41 and 54, ARCP. Taxation of costs for taking depositions was provided for by Tit. 7, § 298, of the 1940 Code as amended. Modification of that code section is found in Code 1975, §12-21-144. Also see Appendix 111, ARCP, Statutes Modified.
It is stated in 6 Moore's Federal Practice, ¶ 54.77 [4]:
 [T]he power to tax as costs certain of the expenses of taking depositions is well settled, if the taking of the depositions was reasonably necessary, even though they may not have been used at the trial; but as with costs generally, the taxing of the prevailing-party's deposition costs in his favor is a matter committed to the sound discretion of the trial court, which may deny some or all of such costs as the circumstances of the case warrant. The trial court's exercise of discretion will normally not be interfered with by an appellate court.
 Part or all of a deposition, depending somewhat upon its use, is certainly reasonably necessary for use in the case where it is read into evidence in connection with some material matter; and may properly be treated as reasonably necessary, although not read into evidence, when it serves a real value in connection with cross-examination, but not when its use is rather trivial. And a deposition may be reasonably necessary for use in the case, although it is not used at all at trial as where: it is used in connection with a successful motion for summary judgment; it appeared reasonably necessary in connection with a certain material issue, although this issue was subsequently eliminated from contest at a pre-trial, or for some other reason the issue was not contested at the trial.
The question that remains concerns the costs taxed for taking those depositions which were not actually used at trial. Were those depositions reasonably necessary for use in the case? The affidavit in support of the Commission's motion for taxing of costs alleges that all depositions taken were necessary for preparation of the Commission's case. We are not able to make an independent determination in this regard because there is nothing before us which contradicts the allegations of the affidavit in support of the motion.
Mandamus and prohibition are extraordinary remedies and will not issue unless there is no other adequate remedy. Ex parteLocke, 346 So.2d 419 (Ala. 1976). Mandamus is proper where there is a clear specific legal right shown for enforcement of which there is no other adequate remedy. Echols v. HousingAuthority of Auburn, 377 So.2d 952 (Ala. 1979). Prohibition is proper for the prevention of a usurpation or abuse of power where a judge or court undertakes to act in a manner in which he or it has no jurisdiction. Meeks v. Town of Hoover, 286 Ala. 373, 240 So.2d 125 (1970). The taxing of costs, however, is within the sound discretion of the trial court, Bukley v.Carroll, 366 So.2d 1094 (Ala. 1978), and will not be controlled by mandamus except in extraordinary cases for gross abuse of that discretion. Ex parte Driver, 258 Ala. 233, 62 So.2d 241
(1952). The trial court is, by virtue of Code 1975, § 12-21-144
and Rule 54 (d), ARCP, authorized to tax such costs and petitioner has no clear legal right to prevent those costs being taxed against him. Neither has petitioner made a showing of gross abuse of discretion in taxing the costs in this case. Therefore the petition is due to be and is hereby denied.
PETITION DENIED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 36