## BULLOCK versus WILSON.

### QUESTIONS IN THIS CASE.

*Relative to admission of testimony, on sundry points in issue.*

*As to* criteria *of damages, in trespass to try titles.*

1. Where evidence has been admitted, by an inferior Court, on an issue. on some points, within which it might have been admissible, and others not; the Supreme Court will not reverse—the bill of exceptions not showing that the evidence was admitted in respect to a part of the issue, to which it might have been incompetent.
2. The proper criterion of damages, in the action of trespass to try title, is not the *profits* acquired during the occupation of the premises.

James Wilson declared against Leonard Bullock, in Shelby Circuit Court, in the action of trespass to try title, to a parcel of land, whereon was situated a mill. The plea was, not guilty ; and under that issue, verdict and judgment were rendered for the plaintiff in the action.

So much of the history of this cause, as is material (as decided,) to be shewn, relates, that the plaintiff, *to prove the issue* on his part, produced in evidence a certificate of the Register of the proper land office, specifying full payment for the tract of land in dispute. To the reading of this certificate, the defendant objected, on the ground, that since the commencement of the action, the plaintiff had become possessed of the patent issued thereon ; and which he insisted, was of higher grade of title : but the objection was overruled.

The Court charged the jury, that in ascertaining the damages, they might find what were the yearly profits of the mill; and give the plaintiff damages for that portion of it situate on his land.

Bill of exceptions, and writ of error.

Argued by *Mr. Chilton* for the plaintiff in error; and by *Mr. Mardis,* and *Mr. Ellis,* and *Mr. Peck,* for the defendant.

COLLIER, J.—This case brings before the Court, many questions of law—all of which, with the exception of the first and fourth assignments of error, are understood to have been decided, either by this case,[a] or that of *Hamner* v. *Eddins;*[b] and as the Court is satisfied with these decisions, the principles settled by them, will not now be disturbed.

In regard to the first assignment, it was determined in this case, that the receipt of the Receiver of public monies, given to a purchaser of the government lands, might be read to the jury as evidence of title, where there is no higher evidence of that fact; but if the title has been perfected by the issuance of a patent, this Court is not understood to have said, that the certificate shall still be evidence to prove title. We do not, however, feel ourselves called upon to decide this question: for any thing appearing upon the record, the receipt of the receiver may have been offered for the purpose of showing the time of the defendant's purchase, that it might be known from what time he became entitled to damages. The bill of exceptions merely recites, that this paper was introduced to prove the issue. Now, as proof of the extent of the damages were clearly within the issue,

a 2 Porter's Rep. 441.

b 3 Stewart 192.

and the certificate may have been read for that purpose, the Court did not err in suffering it to be read to the jury.

The fourth assignment denies the correctness of the rule laid down by the Court, for the ascertainment of the defendant's damages. The jury were directed to ascertain what were the entire yearly profits of the mill, and to give damages in proportion, for that part of the mill that covered defendant's land. This instruction, we understood to be tantamount to saying, that the measure of damages, in the action of trespass to try title, is not what damages have been sustained by the occupancy of the premises, but the profits which the occupier derives from them. This action has been substituted, by the Legislature, for the actions of ejectment, and trespass for *mesne profits*, and performs the office of both. For the purpose then, of ascertaining what damages are recoverable in this action, we must enquire what are the *criteria* of damages in trespass for mesne profits. In regard to that action, all the authorities inform us, the plaintiff is entitled to recover the damages he has sustained, by being kept out of possession; and that these are never increased or diminished, by the profits acquired by the defendant, from his occupancy.

According to some of the decisions, the plaintiff is entitled to recover a fair rent only—while others hold, that he is entitled, in addition to rent, to expences incurred in prosecuting his action of ejectment and trespass.[a]

Without pretending to ascertain the precise measure of damages, we are persuaded that there is error in the instructions of the Court to the jury. The judgment is therefore reversed and the cause remanded.

[a] 1 Cox's N. J. Rep. 466. 1 Har. & J. 574—2 Sanon Ple. and Ev. 670