### M. A. Cooper & Co. v. A. Friedman et al.

#### Decided May 16, 1900.

1. **Evidence—Fraudulent Conveyance—Vendor's Subsequent Declarations.**

In support of the claim by plaintiffs that a deed of land in controversy by their
debtor to defendant was fraudulent, declarations by such grantor, who had still
retained possession, though made after he had conveyed, that the conveyance was
simulated and made to keep creditors from seizing the property, are admissible
against the grantee, as being res gestae and qualifying such possession.

2. **Fraud—Presumption—Charge.**

Where facts were proven warranting the jury in presuming fraud, it was error to
charge that fraud is never presumed, but must be proven like any other fact.

3. **Charge—Fraud—Preference—Reservation of Interest.**

While it is proper to charge, on the issue as to fraud in a conveyance, upon the
right of an insolvent to prefer one creditor over another, a requested charge as to
the effect on such preference of the retention of any secret interest or advantage
by the grantor should also be given where the evidence warrants such contention.

4. **Fraudulent Grantee—Payment of Taxes, Insurance, Etc.**

A fraudulent grantee, on recovery of the property by creditors of the grantor,
can not charge the property with payments made by himself on account of taxes,
insurance, or interest on an incumbrance.

5. **Fraudulent Conveyance—Retention of Property by Grantor—Charge.**

It is improper to charge that retention of possession of real property by the
grantor and collection of rents by him as before the transfer is prima facie fraud.
It is merely evidence of fraud.

Appeal from McLennan, Nineteenth District. Tried below before
Hon. Marshall Surratt.

The third, fourth, and eighth assignments of error, referred to in the
opinion, were as follows:

3. The court erred in charging the jury that the burden of proof
rested upon the plaintiffs to establish their allegations by a preponder-
ance of the evidence. Evidence having been introduced by both sides
on the issues involved and being conflicting, it was error to charge on
the burden of proof.

4. The court erred in the following clause of its charge: "A failing
debtor may lawfully prefer one creditor over another and may convey to

said preferred creditor property in payment of his debt to him, and such conveyance will be upheld if made with an intent and for the purpose of discharging such indebtedness, although the effect of such conveyance might be to delay or even prevent other creditors from collecting their debts, and the preferred creditor may accept such conveyance in payment of his debt, although he may know that his debtor would not have made it but for the purpose of keeping the other creditors from seizing it, provided that he in good faith on his own part, accepted the conveyance in actual discharge and payment of bona fide debt and not upon some secret trust to hold the property for his debtor."

8. The court erred in refusing to give charge number 1, requested by the plaintiffs, in which the plaintiffs asked the court to charge the jury that if they believed from the evidence that these lands in controversy remained in the possession of L. Zapadinsky, the vendor, after the conveyance to A. Friedman, the defendant, and the rents were collected by said Zapadinsky, as he had done before the transfer, it is prima facie evidence of fraud, and unless that possession is explained consistently with good faith, they will not find for plaintiffs.

*Jno. W. Davis,* for appellants.

*Jones & Sleeper,* for appellees.

FISHER, Chief Justice.—This is an action of trespass to try title, by appellants, against Friedman and Mrs. Ella Zapadinsky, widow and only heir of L. Zapadinsky, to recover certain lands situated in the city of Waco; and also alleged that Zapadinsky and his wife, Mrs. Ella Zapadinsky, had fraudulently transferred the lands to Friedman for the purpose of defrauding creditors. Verdict and judgment in the court below were in favor of Friedman.

The facts show that the appellants were creditors of Zapadinsky at the time that Zapadinsky and the appellee, Mrs. Ella Zapadinsky, sold the land in controversy to the appellee Friedman; and there are some facts in the record which have a tendency to show that such sale was made for the purpose of defrauding appellants and other creditors of Zapadinsky. After the conveyance by Zapadinsky and wife to the appellee Friedman, they remained in possession of the property and apparently exercised control over the same, and used the same as before the sale to Friedman. While in such possession, Zapadinsky made statements to one Pat Burke and M. A. Cooper, to the effect that the sale to Friedman was not real, but was simply simulated for the purpose of keeping Zapadinsky's creditors from seizing it.

The court sustained objections to the evidence of witnesses Burke and Cooper as to these statements, presumably upon the ground that the declarations and statements made by Zapadinsky, the vendor, after the execution of the conveyance, could not be offered as affecting the title of his vendee. This is the general rule, but we do not think it applicable

in a case of this character. Here the vendors remained in possession of the land, occupying and using it in the same way as before the sale. The correct rule upon this subject, we think, is stated in the case of Bowden v. Spellman, 59 Arkansas, 263 to 266, inclusive:

"To avoid the sale for fraud it was necessary to show that Martin Bros. sold with fraudulent intent to cheat, hinder, etc., that being the ground alleged. What one of the parties to the fraudulent transfer said about his connection with it, made either before or after the sale, would certainly be admissible, if it tended to throw any light upon the character of the transaction."

The court upon rehearing, where the ruling just quoted was criticised, on page 264, stated: "The court of course had in view, but neglected to state, that the vendor Martin was still in possession when these statements were made, and the bill of exceptions recited that there was evidence tending to show that the sale of the goods made by Martin Bros. to Bowden was fraudulent in law and in fact. This omission of the court, we apprehend, gave rise to the contention of counsel, and all that they have seen proper to say on this point in their motion for reconsideration. We cite to support the announcement made by the court the following authorities: In Cox v. Vise, 50 Arkansas, 287, it is said, 'that when a fraudulent combination is established, the acts and declarations of any one of the parties thereto, while engaged in the prosecution of the common design, may be proved against the others. They are competent evidence to show the intention of the parties.' See the case and authorities there cited. In the case at bar, the fraudulent combination was sufficiently established, as it appears from the statement in the bill of exceptions, 'that the evidence tended to show the sale fraudulent in law and in fact.'

"In Oatis v. Brown, 59 Georgia, 711, it is held that so long as a debtor remains in possession of property which once belonged to him, and which his creditor is seeking to condemn as fraudulently conveyed, the res gestae of the fraud, if any, may be considered as in progress, and his declarations, though made after he has parted with the formal paper title, may, by reason of the continuous possession which accompanied them, be given in evidence for the creditor against the claimant. If there was a fraud perpetrated, it was not at an end so long as Oatis, the vendor, remained in possession.

"Mr. Rice, in his work on Evidence, page 950, says: 'A debtor who has transferred his property, as it is alleged in fraud of creditors, and after such transfer still retains the ostensible and apparent possession of the property, may bind his grantee by his declarations. The presence in such a case of the indicia of fraud does away with the presumptions and legal intendments that otherwise surround a bona fide grantee, who becomes infected with the same suspicion that surrounds the grantor. * * *' Mr. Waite on Fraudulent Conveyances, in section 279 says: 'As proof of continued possession of the vendor is competent evidence to impeach the supposed transfer, it would seem to follow that any acts

or declarations of the possessor while retaining the property must also be competent as characterizing his possession. So long as the debtor remain in possession, the res gestae of the fraud may be considered as in progress.' The declarations are received in such cases upon the ground that they show the nature, object, or motives of the act which they accompany, and which is the subject of inquiry."

The case also cites section 280 of Wait's Fraudulent Conveyances, and 1 Wharton on Evidence, 1166, and Bump on Fraudulent Conveyances, page 588.

According to the rule as stated by the authorities quoted, the court erred in not admitting the evidence of the witnesses Burke and Cooper. It is true that the possession by the vendor of real estate after the execution of the conveyance, may not be considered as prima facie evidence of fraud, as would be the case if it was personal property and possession was thereafter retained; but such possession of real estate, as in the case before us, could be considered and regarded by the jury as a fact or circumstance having some bearing on the issue of fraud; and as in effect said in the authority quoted, if the possession of the vendor may be considered for what it is worth as some evidence bearing on the issue of fraud, we see no reason why his statements and declarations made at the time and explanatory of his possession would not also be admissible. For the error in the ruling pointed out, the judgment will have to be reversed.

We are not prepared to say that there was any error, as complained of in the third assignment of error, in the charge of the court upon the burden of proof; but we do think that the court committed an error as complained of in the fifth assignment of error, in charging the jury, in effect, that fraud is never presumed but must be proven like any other fact. Schmick v. Noel, 72 Texas, 1. Of course, it is true that fraud must be proven like any other fact, and as a matter of law in the absence of proof it may not be presumed, but from the existence of certain facts which have a tendency to establish fraud, the jury might be warranted in indulging in the presumption that fraud existed in the transaction complained of.

We do not agree with appellants in their objection to the charge complained of in the fourth assignment of error. But in this connection, we are of the opinion that under the evidence the court should have given the charge set out in appellants' tenth assignment of error, which was requested and which the court refused to give. The evidence of Mrs. Zapadinsky was sufficient warrant for the appellant to have directly and pointedly submitted to the jury the question whether any secret advantage or interest was obtained by Zapadinsky and agreed to by Friedman when the land in controversy was sold by them to Friedman.

The sixth and seventh assignments of error are well taken. If Friedman fraudulently purchased the property, he could not recover from the appellants, or make as a charge on the property the taxes and insurance and interest on the mortgage debt on the property, paid out by

him. Such purchase would be, as to the appellants, creditors of Zapadinsky, under the statute, void, and Friedman, in his relation to the appellants, would occupy the position of a stranger.

There was no error in the refusal of the court to give the charge requested, as set out in appellant's eighth assignment of error. Possession by the vendor of real estate is not prima facie evidence of fraud, but, as said before, it is a circumstance admissible in evidence on the issue of fraud.

What has just been said in effect also disposes of the ninth assignment of error.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*