11 So.2d 370

**THOMAS v. BANK OF HURTSBORO et al.**

**4 Div. 255.**

Supreme Court of Alabama.

Dec. 17, 1942.

Rehearing Denied Jan. 28, 1943.

H. A. Ferrell, of Seale, and Hill, Hill, Whiting & Rives, of Montgomery, for appellees.

M. B. Grace, of Birmingham, for appellant.

BROWN, Justice.

The second appeal was by the complainant, Fannie Thomas, the present appellant, from the final decree of the circuit court, rendered on submission on pleading and proof, dismissing the bill. The decree was reversed and a decree here rendered cancelling the mortgage of date of March 5, 1932, executed to the Bank of Hurtsboro by the complainant and her husband and the foreclosure deed in pursuance of the foreclosure of said mortgage, on the ground that the mortgage was pro-

cured by fraud of the bank acting through its officials, and the costs of the appeal and all of the costs incurred in the circuit court were taxed against the appellees, the defendants in the circuit court. The cause was remanded with the following directions, "In accordance with the decision herein rendered, the trial court will make appropriate orders, cancelling the mortgage of record in the probate office and the auctioneer's deed as recorded therein." Thomas et al. v. Davis et al., 241 Ala. 271, 2 So.2d 616, 623.

The scope and purpose of this direction was for the circuit court to order the Register of the Court to make appropriate entries on the records of said conveyances showing the cancellation thereof by the decree here rendered.

After the remandment, the complainant, without objections and by leave of the court, again amended the bill, alleging "a reasonable rental value for said eighty-three and one-half (83½) acres of land since the date of foreclosure of said mortgage on towit: January 24th, 1933, in [is] Twenty-two Hundred Fifty ($2250.00) dollars, the rental value of said land being $250.00 per annum, less the state and county taxes paid on said land by the Bank of Hurtsboro and Mrs. Annie P. Davis, as executrix of the estate of W. T. Davis, or as an individual, at the rate of $10.00 per annum; * * * and respondents have held said lands for the years 1933, 1934, 1935, 1936, 1937, 1938, 1939, 1940 and 1941, and enjoyed the use and benefit of said real estate, rented and leased the same to other parties. * * *"

The complainant further amended the bill on July 8, 1941, by leave of the court, and without objection, making claim for the value of two and one-half bales of cotton and the seed therefrom taken over by the bank in 1932, under said void mortgage, "two bales and a remnant of a bale of cotton," in weight alleged to be 1200 pounds lint and the seed out of said cotton, fifty bushels of corn and one cow and calf. The value of the lint cotton is alleged to have been at that time 15 cents per pound, cotton seed $1.50 per hundred, corn $1 per bushel and the cow and calf $50.

The respondents filed their answer to the bill as thus amended, alleging, "That the rental value of the 83½ acres of land involved in this cause for any year since January 24th, 1933, is not more than 75 cents per acre of such land as it actually cultivated; that 2 bales of middling lint cotton of the weight of 500 pounds each per year is a reasonable rent for said lands, including use of the entire tract and the houses thereon; that $720.00 in money is the fair rental value of said land from January 24th, 1933, throughout the period during which Respondents have had possession of said land."

The respondents deny the allegations in the amendment as to the claim for cotton, cotton seed, corn and the cow and calf, and allege that at that time, during 1932, 1933, cotton was selling at from 5½ cents to six cents per pound, and cotton seed at $1 per hundred weight, and alleging, "That the average price of cotton seed for the period from 1932 to 1941 has not been more than $1.25 per hundred pounds. * * * That the market price of corn at said time was not more than 50 cents per bushel; that the market value of said cow was not more than $12.50 and that the market value of said yearling was not more than $5.00."

The court in the decree from which this appeal is prosecuted decreed:

"It is further ordered, adjudged and decreed that the said Fannie Thomas is not entitled to relief as against the respondent, Mrs. Annie Davis for the two and one-half bales of cotton received by the former Bank of Hurtsboro nor the corn and the cow and yearling taken under the void mortgage from Fannie Thomas and her husband, and such relief is hereby expressly denied.

"It is further ordered, adjudged and decreed that the Complainant, Fannie Thomas is entitled to relief against the respondent Mrs. Annie Davis for the fair rental value of the property in question for a period of Nine years, beginning 1933 and extending through 1942, and that such reasonable rental value is found and declared to be $55.00 per annum, which should bear interest from the time due to the present time at 6% per annum, the aggregate of such rent and interest hereby adjudged and declared to be $643.50.

"It is further ordered, adjudged and decreed that the Respondent is entitled to credit for all taxes which she paid on said property, the same being with interest found in the aggregate to be $118.70, and that she is entitled to credit for the sum of $50.55, with interest on same at 8% from the 14th day of May, 1933, for which said last amount, with interest she is entitled to

receive credit as a payment to the State for the redemption of the land here in question. After all charges heretofore enumerated have been made and credits given, it is ordered, adjudged and decreed that said Fannie Thomas have and recover of and from the said Mrs. Annie Davis the sum of $450.59, for the payment of which execution may issue, and that said Fannie Thomas is hereby declared to be the owner of the said 83½ acres of land, which is more particularly described in the original bill of complaint, and that, in the event such land is not immediately restored to her possession, the Register of Court is directed to issue his writ restoring and delivering to the said Fannie Thomas the possession of said premises. It is further ordered, adjudged and decreed that the mortgage from said Fannie Thomas and her husband to the Bank of Hurtsboro, and the deed of foreclosure following default in the payment of said mortgage and the deeds from the Bank of Hurtsboro to Tom Davis, be and they [are] hereby declared to be of no force and effect and the Register is directed to cancel same as they appear of record in the office of the Probate Judge of Russell County. It is further ordered, adjudged and decreed that the per diem of the costs of the witnesses summoned by Fannie Thomas and that for the transcription of the testimony of such witnesses be and they are hereby taxed against the said Fannie Thomas and that the other accrued costs be and they are taxed against Mrs. Annie Davis, and that for the payment of all costs execution may issue." [Brackets supplied.]

Through the fraud and wrong of the Bank of Hurtsboro, acting through its officers and agents, the complainant, appellant here, has been deprived of the possession, use and enjoyment of her homestead deeded to her by her aged father, whom she served in his extreme age. Thomas et al. v. Davis et al., supra. In an attempt at private voluntary liquidation the bank, to state in substance the transaction, conveyed all real estate to which it claimed title, including the property of complainant, to its majority stockholder, Cade, as trustee for its stockholders, with the understanding between the bank and its said stockholders that they would liquidate its debts and obligations—not including the liability to complainant—, that said Cade should have and hold said property in trust for said stockholders, as joint owners. Thereafter said Cade, as trustee, to effect a voluntary division and distribution between said joint owners made separate deeds to each conveying to the respondent Annie P. Davis the 83½ acres of land belonging to the complainant.

The respondents set up this alleged liquidation in answer to the bill. The respondent bank could not by and through such transaction shed its liability to the complainant for wrongfully taking her real property and appropriating it to its own use, nor can it shift its liability to its stockholder who claims through it. She in accepting, holding and using the property, with full knowledge of the transaction, became a joint tort-feasor with the bank and they are liable to the complainant by way of damages for use and occupation. Bethea et al. v. Bethea, 139 Ala. 505, 35 So. 1014.

The fundamental and cardinal principle of the law of damages in such cases is that the injured party shall have compensation for the injury sustained. Bullock v. Wilson, 3 Port. 382.

Quaere: May a wrongdoer who through actual fraud deprives the owner of the possession of his property and voluntarily assesses and pays the taxes thereon be permitted to prove such payment in repression of damages for its wrongful use? See Burt v. C. Gotzian & Co., 8 Cir., 102 F. 937, 43 C.C.A. 59; Cooper v. Friedman, 23 Tex.Civ.App. 585, 57 S.W. 581; Gordon v. Tweedy, 74 Ala. 232, 49 Am.Rep. 813; 27 C.J. 677, § 471. This query need not be answered in view of the condition of the record to be later noted.

The court erred in not awarding damages against the respondents, appellees, for the use and occupation of the 83½ acres for the nine years during which through their wrong they deprived complainant of use. It is admitted in the answer of the respondents that the reasonable compensation for the use of said lands for that time is, we assume at least $720, and this with interest at six per cent is ascertained to be $892.80.

Through waiver by complainant's counsel no claim is made against the estate of W. T. Davis, deceased, or his executor as such, for the participation in the fraud and no claim is made by the executor of his estate for money paid to the State of Alabama in redemption of the 83½ acres

of land from tax sale. Hence this item is eliminated.

Nor does the respondent Annie P. Davis make claim for taxes paid by her. The complainant, however, concedes in the bill as amended that she is entitled to $10 per annum paid as taxes for seven years [not including 1941 and 1942 which became due after the final decree cancelling the mortgage and foreclosure deed was rendered], which, with interest at six per cent, in the aggregate, is $84.70. This last sum will be deducted from the $892.-80, leaving a balance of $808.10 as the damages which complainant is entitled to recover.

 The decree of the circuit court in this respect is reversed and a decree here rendered against the appellees Bank of Hurtsboro and Annie P. Davis in favor of Fannie Thomas the complainant, appellant here, for the sum of $808.10.

The evidence further shows that the respondent Bank of Hurtsboro also took from said complainant two and one-half bales of lint cotton weighing at least 1250 pounds, and the seed therefrom, which we ascertain from the evidence weighed 2500 pounds, and in the fall of 1933, the said bank took from said complainant two and a fraction of a bale, or 1200 pounds and the seed 2400 pounds, and one cow and calf.

| | |
|---|---:|
| The value of the lint cotton was 6 cents per pound................ | $147.00 |
| Cotton seed 4900 pounds at $1.00 per hundred weight............ | 49.00 |
| Cow $25.00 and calf $5.00....... | 30.00 |
| 50 Bushels of corn at $1.00 per bushel ...................... | 50.00 |
| Total ..................... | $276.00, |
| Interest at 6% ............... | 66.24 |
| makes a Grand Total of ........ | $342.24. |

 The appellees insist, however, that this claim should be denied because of laches in making the claim. The answer to this insistence is that neither laches nor the statute of limitations was pleaded or insisted on in the trial. The failure to so plead was a waiver.

 A personal decree is therefore here rendered against the Bank of Hurtsboro for said sum of $342.24 in favor of the complainant.

The decree of the circuit court in so far as it directs the Register to enter on the records in the office of the Judge of Probate the fact of the cancellation of the said mortgage and foreclosure deed and awards writ of possession to place Fannie Thomas in possession is affirmed.

 The appellees are taxed with all costs accruing in this court and in the circuit court.

Affirmed in part, and in part reversed, rendered and remanded to the circuit court, in equity, for the enforcement of the decree as affirmed and here rendered.

Affirmed in part, and in part reversed, rendered and remanded.

All the Justices concur.