114 So.2d 389

**Maggie GUNTER et al.**

v.

**Sophia GANOUS et al.**

6 Div. 236.

Supreme Court of Alabama.

Aug. 20, 1959.

Rehearing Denied Sept. 17, 1959.

Nash & NeSmith, Oneonta, for appellants.

Jack Martin Bains and J. E. Bains and Leland Randall and R. G. Kelton, Guardians ad litem, Oneonta, for appellees.

GOODWYN, Justice.

This is the second appeal in this case. The first is reported as Gunter v. Frix, 265 Ala. 576, 93 So.2d 423. Both appeals have been brought by the respondents below from final decrees of the circuit court of Blount County, in equity, ordering the sale of some

185 acres of farm lands for division of the proceeds among the parties to the suit.

The complainants are the heirs of William T. Gunter, also known as S. G. Gunter, and his first wife. The respondents are the heirs of Gunter and his second wife. The principal question presented on this appeal is whether the trial court erred in holding that an instrument executed by Gunter and his second wife on December 8, 1920 (a copy of which is set out in the report of Gunter v. Frix, supra), was not a valid deed conveying the lands to "Magie, Jinie, Janie & Lela Gunter", daughters of the second marriage.

■ The trial court held, after an oral hearing, that Gunter had not delivered the instrument (assuming it to be a deed), thus rendering it inoperative as a conveyance of the lands to the purported grantees. Whether there is sufficient evidence supporting the trial court's conclusion in this respect is the real issue before us. We have carefully examined the evidence and cannot say that the trial court's conclusion is contrary to the great weight and preponderance of the evidence or plainly and palpably wrong. Beavers v. Harris, 265 Ala. 548, 549–550, 93 So.2d 161; Pritchett v. Wade, 261 Ala. 156, 161, 73 So.2d 533.

■ While there are tendencies in the evidence supportive of a finding of delivery, there are also tendencies supportive of a contrary finding. In other words, the evidence bearing on the factual issue of delivery is conflicting. Thus, it was the province of the trial court (there being no jury) to resolve these conflicting tendencies.

It is insisted by appellants that the evidence shows without dispute that the instrument was delivered to one of the purported grantees and that it remained in her possession; it being argued that this was prima facie evidence of delivery. An examination of the evidence discloses that the instrument was put in a satchel which, as testified to by one of the purported grantees, "was one father kept his papers in. It be-longed to him and my mother." It is to be noted, too, that Gunter died on May 30, 1923, about 2½ years after the instrument was executed, yet the instrument was not filed for record until August 6, 1923.

■ A considerable portion of appellants' brief is devoted to the insistence that appellees are barred by laches and the statute of limitations. However, those issues are not presented by the pleadings. As we understand the bill and answer (there being no cross-bill) the one question presented is whether the instrument of December 8, 1920, is a valid deed. If the doctrine of laches or the statute of limitations is an appropriate defense it was incumbent on respondents to insist on them in the trial court; otherwise, those defenses must be considered as waived. Thomas v. Bank of Hurtsboro, 243 Ala. 658, 662, 11 So.2d 370; Tilley, Alabama Equity Pleading and Practice, § 96, p. 118.

■ The same is true with respect to the insistence that the trial court erred in ordering repayment by four of the respondents (those named in the instrument of December 8, 1920, as grantees) of the sum of $4,000 representing a prorata portion of the amount received by them from the sale of timber on the land. Appellants argue that this portion of the decree was premature since there was no hearing or reference had to determine what credit was due them for improvements and expenditures made in connection with the lands. The bill specifically seeks relief as to the timber and the evidence clearly shows that the timber was cut and sold by said four respondents. There appears to be no dispute as to the amount they received. If respondents had desired an accounting for expenditures made by them in connection with the lands affirmative relief in this respect should have been sought by cross-bill. Penny v. Penny, 247 Ala. 434, 439, 24 So. 2d 912.

Several assignments of error (Nos. 9 through 19) relate to rulings on the admission of evidence. We have examined each

of these rulings and find that none of them constitutes reversible error.

 Assignments 9, 10, 11, 15 and 16 charge error in sustaining appellees' objections to questions propounded to appellants' witnesses as to improvements made on the lands by the grantees named in the instrument of December 8, 1920. Whether improvements had been made on the lands was not, under the pleadings, an issue in the case.

The same is true with respect to questions as to furnishing by the children of support to their mother and father (assignments 13 and 14).

Assignments 12 and 17 concern the sustaining of objections to questions to two of the purported grantees as to whether there had been any dispute among them as to ownership of the lands and whether any of their father's children, other than the purported grantees, had made any claim to the lands. As already noted, the issue in the case was whether the instrument was a valid conveyance. Whether there had been any dispute between the parties had no bearing on the question of the validity of the deed itself, and particularly on the question of its delivery.

 Assignment 18 charges error in sustaining objection to the following question propounded by appellants to their witness Ollie Hudson, viz.:

"Did S. G. Gunter tell you that he made a deed to his daughters, Maggie, Janie, Jennie and Lela?"

Further questioning of this witness clearly discloses that he had no conversation with Mr. Gunter after the instrument was executed. This witness was permitted to testify, over appellees' objection that he had a conversation with Gunter prior to making the deed. He further testified what this conversation was. We find no reversible error in the trial court's ruling.

Assignment 19 charges error in excluding part of an answer made by Maggie Gunter to a question propounded to her on direct examination. Aside from any other reason justifying its exclusion, we think it was properly excluded because not responsive to the question. Moreover, for all practical purposes, the answer was elicited from the witness in further questioning. We find no reversible error in this action of the trial court.

Finding no error to reverse, the decree appealed from is due to be affirmed.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.