187 So.2d 568

Louis Lee **RIDDLE**, N. C. M., by guardian

v.

Carolyn Jay **DOROUGH.**

I Div. 338.

Supreme Court of Alabama.

June 2, 1966.

Chason, Stone & Chason, Bay Minette, for appellee.

Kenneth Cooper, Bay Minette, for appellant.

HARWOOD, Justice.

This is an appeal from a judgment entered in favor of the appellee, defendant below, in the Circuit Court of Baldwin County.

Appellant sued appellee for $25,000 for bodily injuries received when he was struck by the appellee's automobile while attempting to cross a public highway near Bay

Minette. The appellant, who had been declared non-compos mentis, sued by his legal guardian, his wife, Gladys Riddle.

Count 1 alleged simple negligence and Count 2 charged wanton misconduct. The appellee plead the general issue and contributory negligence to Count 1 and the general issue to Count 2.

Upon conclusion of the testimony, the court gave the affirmative charge as to Count 2, the wanton count. The case was submitted to the jury on Count 1, and verdict was for the defendant. Judgment was entered pursuant to the verdict. No motion for a new trial was filed.

The plaintiff is a middle aged male who lives south of Bay Minette with his family. His residence is located approximately a half mile to the west of U. S. Highway 31 which runs from Bay Minette to Mobile. On the morning of the accident the appellant, around 8:30 o'clock, walked from his house to the highway to get mail from a mailbox which is located on the opposite or east side of the highway. The appellant's general health is poor and his eyesight is limited to some extent. He uses a walking cane to assist him in his movements.

The testimony establishes that the appellant went to the highway unaccompanied and crossed the highway to the mailbox. Upon removing the mail from the mailbox he turned and started walking in a northerly direction toward Bay Minette. After having walked a short distance, he turned and started back toward the mailbox. He was walking on the east shoulder of the highway.

The appellee was driving her automobile in a northerly direction toward Bay Minette. The appellee's four children and her father were passengers in her automobile. Apparently it had rained earlier that morning though the rain had ceased at the time of the accident. The appellee had been driving approximately forty to fifty miles per hour but she had just passed a sign indicating a speed limit of forty miles per hour and she decreased her speed to approximately thirty to thirty-five miles per hour. The appellee testified she observed the appellant walking on the shoulder of the road approximately "a block or two" away and that he was walking on the side of the highway facing the approaching traffic. She testified that when the distance had closed to approximately fifteen feet the appellant made an abrupt turn and walked onto the highway directly in front of her vehicle. When he stepped in front of her automobile, he waved a walking stick in her direction.

The appellee applied her brakes and swerved her automobile to the right in an attempt to avoid hitting the appellant who was now nearly in the center of the highway. The appellee testified that she was unable to avoid striking the appellant despite all efforts to do so and the left front of her automobile struck him.

Two witnesses who were in an automobile directly behind the automobile of the appellee gave similar testimony. The substance of their testimony is that they had been following the appellee's automobile for a number of miles. The driver of this following vehicle testified that she observed the appellant when he was approximately four car lengths or a little more ahead of her. She was following some three car lengths behind the appellee's vehicle. When the appellee's vehicle was only some two car lengths away from the appellant, he started across the highway. The passenger in the following automobile testified he observed the appellant when he was approximately four or five car lengths away and that nearly at the same time he saw the appellant, he stepped in front of the appellee's vehicle. This witness estimated that the appellee was within a car length or two of the appellant when he left the shoulder of the highway.

The appellee's father testified he observed the appellant about "a block or a block and a half" away as he was walking

in a southerly direction along the shoulder and was facing the approaching traffic. The witness further testified that when they were within two car lengths the appellant suddenly turned to his right and started across the highway waving his cane as he did so.

The appellant was found competent to testify. The substance of the appellant's testimony on direct examination was that after he had removed the mail from the box, he looked in both directions before attempting to cross the highway. To the north he observed a "van truck" which was proceeding in a southerly direction toward him. The truck was some 200 to 300 feet away from him at this time. He then looked to the south and observed two automobiles traveling toward Bay Minette. These vehicles were "500 feet or more" away. The appellant waited until the truck passed and then started to cross the highway. The appellant testified that when the truck passed the wind "sagged" him a little, but he felt he had time to get across and he attempted to cross the highway. The appellee's car struck him when he had nearly reached the center line of the highway. The appellant testified that just before the automobile struck him he waved his cane and hands in that direction.

On cross examination the appellant testified that after he removed the mail he walked up the highway for a short distance and then turned and started back. He observed the truck approaching from one direction and the two cars from the other. The appellant then testified that when the truck passed he felt that he had time to get across. The approaching automobiles were still approximately 200 feet away. The appellant testified that he took some five or six steps and had nearly reached the center line of the highway when he looked in the direction of the approaching vehicles and realized that the automobile was within one car length of him. He waved his walking stick and then the automobile struck him. *The appellant was later asked on cross examination if it wasn't true that when he stepped out onto the paved portion of the highway that the approaching automobile was only one or two car lengths away from him. The appellant answered in the affirmative.*

The appellee, her father, and the two witnesses traveling in the automobile following the appellee all denied that there was a truck approaching from the opposite direction just prior to the accident.

Testimony was submitted by the investigating officer and other witnesses establishing that the appellant, after being struck by the appellee's vehicle, was found to be lying in a position some 22 steps north of the mail box and nearly in the center of the highway.

The appellant argues some fourteen assignments of error in brief.

The appellant urges under assignment number 1 that the trial court erred in allowing, over appellant's objection, a city policeman to testify on cross examination that he had warned the appellant, because of his physical infirmities, not to ever get out on the highway unaccompanied.

It is appellant's contention that the questioning of the police officer concerning this prior transaction was error as the matter had not been gone into upon direct examination and the cross examination should have been limited to those matters brought out on direct examination.

"The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him." Section 443, Title 7, Code of Alabama 1940.

█ In Alabama, the so-called English Rule of cross examination prevails, that is, the cross examination is not limited to matters brought out on direct examination of a witness, but extends to all matters within the issues of the case. Coward v. McKinney, 277 Ala. 513, 172 So.2d 538; Madden v. State, 40 Ala.App. 271, 112 So.2d 796; 1 Thompson on Trials, 2nd Ed., Sec. 430 et seq.

■ The appellant's complaint was founded upon the alleged negligence of the appellee and the appellee had pleaded that the appellant was guilty of contributory negligence. It therefore seems clear that the testimony solicited was directly related to the issues of the case. Assignment of error number 1 is without merit.

■ Assignment of error number 2 is related to the trial court's action in sustaining appellee's objection to a question propounded to a witness for appellant concerning whether or not the witness observed the appellant's cap at the scene of the accident. Previous testimony had established that the appellant was wearing a cap when he left home earlier that morning. The appellant then asked the witness a similar question and the witness answered in the negative. Granting, without deciding, that the trial court's ruling was in error, the subsequent admission of the witness that he did not see the cap at the scene would render any error harmless. Gunter v. Ganous, 269 Ala. 589, 114 So.2d 389, [H.N. 6]; Nelson v. Johnson, 264 Ala. 422, 88 So.2d 358, [H.N. 10]; Crescent Amusement Co. v. Knight, 263 Ala. 445, 82 So.2d 919, [H. N. 12]; Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Assignment 3 is based upon the trial court's excluding the answer of a witness for the appellant that when the witness arrived at the scene of the accident some minutes after its occurrence, he observed that both shoes were not on the appellant's feet.

■ Evidence pertaining to the condition of the place or thing before or after an accident under certain conditions is admissible in a suit as evidence of its condition at the time of such accident.

■ There is no contradiction in the record as to the speed of appellee's automobile at the time the appellant was struck nor as to any of the facts surrounding the accident. The excluded answer may have tended to shed light upon the rate of speed of appellee's automobile had the matter been in dispute. The testimony of the appellee and her witnesses was to the effect that appellee was driving at between thirty and thirty-five miles per hour at the time appellant was hit, and that the impact was strong. Thus the answer excluded related to uncontradicted facts, and its exclusion in our opinion could not probably have injured the appellant in any substantial right. We will not posit a reversal upon the ruling in this instance. Supreme Court Rule 45.

■ Appellant's fourth assignment of error concerns the trial court's action in sustaining appellee's objection to a question propounded to a witness for the appellant as to whether or not he observed "any automobiles pull out on the right side of the road going north." The witness was driving a school bus proceeding in a southerly direction when he observed that an accident had occurred and that traffic was stopped ahead of him. According to the witness one or two vehicles were proceeding in front of him at that time. The witness stopped his bus and walked to where he observed the appellant lying in the middle of the road. At this point in his testimony, the witness was asked the following question, "Now did you see any automobiles pull out on the right hand side of the road going north?" The objection of the appellee was sustained. The action of the trial court in sustaining an objection to this question is without error, the witness having testified that he arrived at the scene after the accident occurred. Whether an automobile pulled out on the right hand side at this time was irrelevant and immaterial and could shed no light on the issues involved.

■ Appellant's fifth assignment of error is that "the verdict of the jury was contrary to the evidence in the case." This is not an adequate assignment of error; it alleges no error on the part of the trial court. Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Accident Indemnity Insurance Co. v. Feely, ante pg. 74, 181 So.

2d 889; Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921; Alabama Digest, Appeal and Error, ☜731(5).

■ Assignment of error number 6 urges that the trial court erred in giving the appellee's written requested charge number 3. The charge provided as follows:

"The Court charges the jury that the Defendant in this case had the right to assume that Louis Lee Riddle was in possession of all his faculties."

The appellant insists that this was an instruction on a question of fact and not a question of law and therefore invaded the province of the jury. The evidence shows that the appellant was walking on the shoulder of the road facing the approaching vehicle of the appellee. The appellee testified she observed the appellant walking on the shoulder and that when the distance between appellant and her vehicle was approximately fifteen feet, he turned and started across the highway directly in front of her vehicle. A similar charge was approved in the case of Vansandt v. Brewer, 209 Ala. 131, 95 So. 463, the court observing:

"In the absence of circumstances showing the contrary, an adult is generally presumed to be in possession of the normal faculties of mind and body, including the senses of sight and hearing."

The appellant also contends that the charge was in error in that it did not specify whether the jury could assume the appellant was in possession of all his faculties at the time of the accident or at the time of the trial. This also is without merit. The tense of the charge was that of the past tense. It clearly referred to the circumstances surrounding the accident.

Assignments 7 and 8, allege error because of the giving of appellee's requested charges 4 and 6. These charges respectively pertain to contributory negligence on the part of the appellant as a defense.

Counsel for appellant does not attack the correctness of the charges per se, but argues that the giving of the charges was erroneous because of the insufficiency of the plea of contributory negligence, in that "defendant's plea of contributory negligence did not specify the specific acts of alleged contributory negligence by the plaintiff; hence no evidence of contributory negligence was admissible."

No demurrer was filed to the plea of contributory negligence, nor was any objection interposed to appellee's proffered testimony tending to establish such plea. The case was tried below on the issues of appellee's negligence, and appellant's contributory negligence, and the court in its oral instructions so advised the jury. No objection was interposed to these instructions.

■ Parties may frame their own issues, and immaterial matters may thereby be made material. Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529. If the cause is tried upon an insufficient or immaterial plea without objection being first taken by demurrer, the judgment of the court must be pronounced in accordance with the result of the issues. Austin v. Clark, 247 Ala. 560, 25 So.2d 415. In the present case not only was no demurrer filed to the plea of contributory negligence, but no objections were interposed either to the evidence tending to establish such plea, nor to the instructions of the court submitting the issue of contributory negligence to the jury. In this posture, assignments 7 and 8 are clearly without merit.

■ Assignment of error 9 charges that the court erred in charging the jury that they could find that the plaintiff was injured as a result of a mere accident. We have held that neither the giving or refusal of "unavoidable accident" or "mere accident" charges constituted reversible error, though the better practice is to refuse them. Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277; Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516 (19); Socier v. Woodward, 264 Ala. 514, 88 So.2d 783.

Assignment of error No. 10 asserts as error the giving of appellee's written re-

quested charge No. 11. This charge was given without error. Smith v. Crenshaw, 220 Ala. 510, 126 So. 127.

Assignment of error No. 11 asserts as error the action of the lower court in giving appellee's requested charge No. 15 which was affirmative in nature as to Count 2 (wanton negligence).

It is our conclusion that the evidence did not support an inference of wanton conduct, that is, that the appellee, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some duty which produced injury to the appellant. These essential elements of wantonness can be inferred from the evidence only by resort to surmise and conjecture. Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277. Charge 15 was therefore properly given.

The trial court refused appellant's written instruction number 9 and this action is presented as assignment of error 12. Assuming, without deciding, that this was a correct statement of law as applied to the evidence presented in the trial, the refusal of this charge requested by the appellant furnishes no predicate for reversal in that the principle of law set forth in appellant's requested written charge 9 was fairly and substantially covered by the court's oral charge and other written charges given at the request of the appellant. Code of Alabama 1940, Title 7, § 273; Smith v. Lawson, 264 Ala. 389, 88 So.2d 322; Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So.2d 266.

Assignments of error 13 and 14 are based upon the trial court's refusal to give appellant's requested instructions numbers 10 and 11, respectively. These charges were refused without error in that they were abstract under the evidence, and were misleading.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.